# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00481-SCT

*DARRELL ALLEY*

*v.*

*NORTHERN INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2005 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| ATTORNEYS FOR APPELLANT: | JOHN R. SANTA CRUZ |
| | PRESTON J. MAUFFRAY |
| ATTORNEY FOR APPELLEE: | TRACE D. McRANEY |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 04/20/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This appeal involves issues pertaining to stacking of uninsured/underinsured insurance benefits. Finding that our precedent has resolved the first two issues raised on appeal (whether an insurance agent has a duty to explain the legal implications of uninsured/underinsured benefits and whether an injured employee may stack when the tortfeasor is not underinsured) and that the third issue (whether the type of insurance policy is relevant to the question of stacking) is procedurally barred and/or frivolous, we affirm the circuit court's grant of summary judgment to the employer's uninsured benefits carrier.

## FACTS

¶2.    After having an automobile accident with Betty H. Meyer, Darrell Alley filed suit against Meyer and Northern Insurance Company of New York, which had issued an insurance policy to Hancock County providing uninsured/underinsured motorist coverage.[1] Alley was acting in the course and scope of his employment with Hancock County at the time of the accident and was driving an automobile owned by Hancock County. Meyer had in effect a $100,000 automobile liability insurance policy. Alley had no personal uninsured/underinsured coverage. The Hancock County policy provided $25,000 per vehicle uninsured/underinsured coverage for each of Hancock County's 109 covered vehicles. Alley alleges Meyer's liability coverage is not sufficient to cover his injuries and damages.

¶3.    Northern Insurance filed a motion for summary judgment, contending that Meyer was not underinsured because her $100,000 liability coverage exceeded the Hancock County $25,000 uninsured/underinsured coverage, arguing that, under *Mascarella v. U. S. Fidelity & Guar. Co.*, 833 So. 2d 575 (Miss. 2002), Meyer could not be considered an underinsured driver unless her liability coverage was less than Hancock County's uninsured/underinsured coverage. *Mascarella* involved an issue certified to this Court by the United States Court of Appeals for the Fifth Circuit: "[w]hether an injured insured is entitled to stack the underinsured motorist coverage of other vehicles covered under his fleet policy thereby

---

[1]Alley originally named Zurich North America as a defendant, but later amended the complaint to name Northern Insurance Company of New York as the proper defendant.

making the third-party tortfeasor's vehicle an underinsured motor vehicle." ***Id.*** at 576. The circuit court granted Northern Insurance's motion for summary judgment, finding as follows:

(1)     To determine whether an insured vehicle is underinsured, a court must compare the limits of liability coverage on that vehicle to the uninsured limits provided through the injured party's own coverage.

(2)     ***Marscarella*** controls. Marscarella, just like Alley, was injured while driving a vehicle which was part of his employer's fleet. Also, just like Alley, Marscarella did not own or insure the fleet and was "not otherwise insured." Marscarella was not allowed to stack his employer's uninsured/underinsured insurance limits. Therefore, Alley is not allowed to do so.

(3)     Meyers' liability limits of $100,000 are more than the sum of (1) the limit of liability for uninsured/underinsured motorist coverage ($25,000) applicable to the vehicle Alley was driving plus any other uninsured/underinsured motorist coverage applicable to Alley ($0). Therefore Meyers was not an underinsured motorist.

(4)     The fact that Hancock County had a policy covering 109 vehicles did not take the case outside of the ***Marscarella*** holding or increase the uninsured/underinsured motorist limits available to Alley.

¶4.     From this ruling, Alley appeals.

**DISCUSSION**

**I.      WHETHER MATERIAL QUESTIONS OF FACT WHICH WOULD PRECLUDE SUMMARY JUDGMENT EXISTED.**

¶5.     Alley contends the circuit court erred by failing to consider an affidavit submitted by the Hancock County Chancery Clerk and that Northern Insurance never disclosed the limited availability of uninsured/underinsured motorist coverage to county employees. The Chancery Clerk averred as follows: (1) he purchased the Northern Insurance policy on behalf of

3

Hancock County; (2) uninsured/underinsured motorist coverage was purchased to provide equal uninsured/underinsured motorist coverage to the drivers regularly assigned to the covered vehicles; (3) Northern Insurance never explained: (a) the definition of, or the limitations implied by, the term "named insured," as it related to the policy; (b) the circumstances under which an employee would be entitled to stack uninsured/underinsured motorist coverage; or (c) the availability of the stacked coverage was dependent upon the amount of the insurance coverage available on vehicles involved in accidents with county vehicles. Alley, citing *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 76 (Miss. 1996), contends that an insurer has a duty to explain uninsured/underinsured motorist coverage to an insured so the insured knows he has an option to increase the coverage limits.

¶6.     We have recently partially overruled *Berry*, holding that an insurance agent has no absolute, court-created duty to explain an insured's right to purchase additional uninsured motorist coverage over and above the amount of coverage required by statute. *Owens v. Miss. Farm Bureau Cas. Ins. Co.*, 910 So. 2d 1065, 1074 (Miss. 2005). Optional coverage which exceeds the statutory limit is not required by statute, *id.* at 1075, and therefore insurance agents should not be required to inform insureds of optional coverage. Also, as Northern Insurance suggests, we question an insurance agent's competence to explain such esoteric legal issues as stacking when seasoned attorneys find it difficult to do so.

¶7.     Northern Insurance also argues that Alley does not have standing to complain of an alleged breach of duty owed by Northern Insurance to Hancock County. Because we have

4

held that insurance agents do not have the duty to inform Hancock County of the option of additional coverage, this issue is moot.

## II. WHETHER THE CIRCUIT COURT ERRED IN NOT ALLOWING STACKING OF HANCOCK COUNTY'S UNINSURED/UNDERINSURED COVERAGE.

¶8. Class II insureds are not entitled to uninsured motorist benefits beyond those for which the named insured contracted regarding that covered vehicle. *Meyers v. American States Ins. Co.*, 914 So. 2d 669, 675 (Miss. 2005). Persons included in Class I consist of the "named insured, and residents of the same household, his spouse and relatives of either, while in a motor vehicle or otherwise." *Glennon v. State Farm Mut. Auto. Ins. Co.*, 812 So. 2d 927, 931 (Miss. 2002) (quoting Miss. Code Ann. § 83-11-103(b) (1999)). A Class II insured is "any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies. *Id.* An employee who drives a vehicle covered under his employer's business automobile policy is not a Class I insured because the employee is not a named insured. *Harris v. Magee*, 573 So. 2d 646, 656 (Miss. 1990). Therefore, Alley was a Class II insured under the Hancock County policy.

¶9. Under *Mascarella*, a Class II insured may stack his own uninsured motorist coverage with that of the vehicle in which he was riding, but a Class II insured does not have the right to stack an employer's uninsured motorist coverage. *Mascarella*, 833 So. 2d at 580. Under this ruling, Alley may not stack Hancock County's uninsured motorist coverage.

### III. WHETHER THE TYPE OF POLICY HAS RELEVANCE TO THE QUESTION OF STACKING.

¶10.   Alley argues that *Mascarella* should not be applied to the instant case because *Mascarella* involved a commercial fleet policy for a closely-held corporation which covered only 8 vehicles and the instant case involves a municipal policy covering 109 vehicles. The relevant cases, *Mascarella*, *Meyers*, *Harris*, and *Glennon*, only consider whether the injured party is an employee of the named insured or is the named insured. We find the type of entity of the named insured – i.e., a corporation or a municipality – is irrelevant. Also, Alley failed to raise this issue before the circuit court, and it is therefore procedurally barred from review by this Court. Finally, Alley cites absolutely no case law or statute in support of his proposition.

## CONCLUSION

¶11.   We find the first two issues raised by Alley have been disposed of by previous precedent, and the third issue is procedurally barred and/or frivolous. We affirm the judgment of the circuit court.

¶12.   **AFFIRMED.**

**SMITH, C.J., COBB, P.J., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**

6