# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00852-SCT

*JAMES A. NEELY AND GENEVA NEELY,*
*INDIVIDUALLY AND AS HEIRS-AT-LAW AND*
*THE WRONGFUL DEATH BENEFICIARIES OF*
*JAMES E. NEELY, DECEASED*

*v.*

*NORTH MISSISSIPPI MEDICAL CENTER, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/23/2007 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DALE DANKS, JR. |
| | MICHAEL BLAKELY GRATZ, JR. |
| ATTORNEY FOR APPELLEE: | JOHN G. WHEELER |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 11/20/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., CARLSON AND GRAVES, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    This appeal is before the Court to consider the grant of summary judgment in favor of the defendant.  Finding that there was no genuine issue of material fact, we affirm.

## Facts

¶2.    James E. Neely was admitted to North Mississippi Medical Center in November 2001 for treatment regarding a left testicle mass.  Neely had a history of a seizure disorder and

dizzy spells, and both conditions were made known to the defendant upon admission to the medical facility. Surgery to correct Neely's ailment was scheduled for November 5, 2001.

¶3. On November 4, 2001, Neely was found with a fatal head injury, outdoors, in close proximity to an emergency exit stairwell. It is assumed Neely left his room, went out of the emergency/fire exit and climbed the stairs to the hospital's roof before falling to his death.

¶4. The record shows Neely had a history of a seizure disorder and alcohol and tobacco abuse. Prior to the fall, Neely suffered a seizure and was prescribed medicine during his hospital stay for his alcohol addiction. The record also reveals Neely left his room on more than one occasion.

¶5. The plaintiffs filed a complaint on May 9, 2002, for negligence, gross negligence, breach of contract, breach of warranties and recovery of monetary damages for the wrongful death of Neely. The plaintiffs allege that Neely was not properly monitored and cared for by hospital personnel and was, therefore, allowed to exit the hospital facility and fall to his death.

¶6. The defendant filed a timely response denying liability and propounded interrogatories to the plaintiffs, including an expert interrogatory pursuant to Mississippi Rule of Civil Procedure 26(b)(4)(i). After receiving no response to the expert interrogatory, the defendant filed a motion for summary judgment on September 16, 2005, arguing that: (1) the plaintiffs' failure to produce evidence from a competent medical expert sixty days before the trial date was a violation of Uniform Circuit and County Court Rule 4.04; and (2) without an expert opinion, the plaintiffs could not demonstrate a prima facie case of medical negligence.

¶7.     On September 22, 2005, the plaintiffs served a written response to the hospital's motion for summary judgment, which did not include an affidavit from a health care expert. The plaintiffs' attorneys blamed the aftermath of Hurricane Katrina for the delay in designating a witness, and both attorneys provided signed affidavits attesting to the situation. Within the response, the plaintiffs requested an additional fourteen days to provide the expert affidavit, to defer the ruling of summary judgment, to enter a new Scheduling Order continuing the trial, and to establish new deadlines for expert discovery and/or deny the summary judgment motion as it related to the plaintiffs' premises liability claim. The next day, on September 23rd, the plaintiffs sent their designation of an expert witness.

¶8.     On August 29, 2006, the trial court issued an order, closing discovery and setting the summary judgment hearing for September 23, 2006. By agreement of counsel, the hearing was moved to October 23, 2006. The plaintiffs had yet to produce an affidavit from a health care professional by the time of the summary judgment hearing. The trial court held that, without the testimony of an expert witness, there was no issue of material fact as to medical negligence. The plaintiffs did serve an affidavit from their nursing expert on October 30, 2006, seven days after the summary judgment hearing.

¶9.     The plaintiffs then filed a motion to alter or amend, or for reconsideration of the order granting summary judgment. The motion was denied, and the plaintiffs filed this appeal.

## Issues

¶10.    The plaintiffs argue that the trial judge erred in granting summary judgment because they were under no obligation to provide an affidavit from an expert witness.

## Discussion

3

**I. Summary Judgment.**

¶11. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment. *Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000). The evidence must be viewed in the light most favorable to the party against whom the motion has been made, and the moving party bears the burden of demonstrating that no genuine issue of fact exists. *Id.* "[T]his Court looks at all evidentiary matters in the record, including admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 228 (Miss. 2005) (citing *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 70 (Miss. 1996), *overruled on other grounds by Alley v. Northern Ins. Co.*, 926 So. 2d 906 (Miss. 2006)). If there is no genuine issue of material fact, then the moving party is entitled to judgment as a matter of law. *Heigle*, 771 So. 2d at 345. On the other hand, "[i]f there is doubt as to whether or not a fact issue exists, it should be resolved in favor of the non-moving party." *Aetna*, 669 So. 2d at 70 (Miss. 1996) (citing *Ratliff v. Ratliff*, 500 So. 2d 981, 981 (Miss. 1986)).

¶12. The plaintiffs argue that because the defendant did not present any evidence demonstrating the absence of genuine issues of material fact, they were not required to submit an affidavit from a qualified expert.

¶13. It is elementary that the plaintiff bears the burden of proving his claim and cannot simply rely on his or her pleadings when responding to a motion for summary judgment. M.R.C.P. 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rely, must set forth specific facts . . . ."). Our case law is clear that in medical malpractice cases, "negligence

4

cannot be established without medical testimony that the defendant failed to use ordinary skill and care." *Travis v. Stewart*, 680 So. 2d 214, 218 (Miss. 1996) (quoting *Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987)). Failure to produce this evidence dictates that there is no genuine issue of material fact, and therefore, summary judgment was appropriate.

<u>Conclusion</u>

¶14. For these reasons, summary judgment is affirmed.

¶15. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**